## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TANEESA C. PRICE : CIVIL ACTION
:
v. : NO.  07-1222
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security :

### MEMORANDUM

LOWELL A. REED, Jr., Sr. J                                          FEBRUARY 20, 2008

      Before the court for consideration is plaintiff's brief and statement of issues in support of request for review (Doc. No. 8) and the response and reply thereto (Doc. Nos. 11, 12).  The court makes the following findings and conclusions:

      1.      On April 12, 2005, Taneesa Price ("Price") protectively filed for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging an onset date of March 12, 1996.[1]  (Tr. 46; 47-48).  Throughout the administrative process, including an administrative hearing held on September 27, 2006 before an ALJ, Price's claims were denied.  (Tr. 4-6; 9-19; 28-29; 34-38).  Pursuant to 42 U.S.C. § 405(g), on March 30, 2007, Price filed her complaint in this court seeking review of that decision.

      2.      In his decision, the ALJ concluded that Price's major depressive disorder and scoliosis constituted severe impairments.  (Tr. 14 Finding 2).  The ALJ further concluded that Price's impairments did not meet or equal a listing, that she retained the residual functional capacity ("RFC") to perform routine, repetitive, unskilled, light exertional work, involving non-complex instructions with limited contact with supervisors and coworkers and no contact with the public, and that she was not disabled.  (Tr. 14 ¶¶ 4-6; 19 ¶ 2; 14 Finding 3; 15 Finding 4; 19 Finding 10).[2]

      3.      The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence.  Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but

---

[1]She previously filed an application for SSI with a protective filing date of May 23, 2003, which was denied on September 3, 2003.  (Tr. 26; 30-33; 44-45; 49-51).  It was not appealed.  Price also had an application for SSI denied on February 2, 2000, that was not appealed.  (Tr. 50).  In her brief, Price's attorney alludes to the possibility that these cases could be reopened, however, since no "fraud or similar fault" has been alleged or proven and more than two years have passed since the final determinations, these cases cannot be reopened.  20 C.F.R. § 416.1487.

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).   If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

      4.    Price raises numerous arguments in which she alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous.  These arguments are addressed below.  However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

      A.    Price claims that the case should be remanded due to medical evidence which was not in the record before the ALJ.  When a claimant seeks to rely on evidence that was not before the ALJ, the district court may remand to the Commissioner, but only if: (1) the evidence is "new and not merely cumulative of what is already in the record" and (2) material; and (3) the claimant shows that there was good cause for not previously presenting the evidence to the ALJ.  Szubak v. Sec. of Health and Human Servs., 745 F.2d 831, 833 (3d Cir. 1984); 42 U.S.C. § 405(g); Fisher v. Massanari, 28 Fed. Appx. 158, 159 (3d Cir. 2002) (citing Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001)).  "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied."  Raglin v. Massanari, 39 Fed. Appx. 777, 781 (3d Cir. 2002) (quoting Szubak v. Sec'y of Health and Human Services, 745 F.2d 831, 833 (3d Cir. 1984).  Price is referring to evidence from her hospitalization from March 24th until March 27th 1998.  In a letter written before Price's hearing, Price's attorney alerted the ALJ to the fact that the record did not appear to contain all of the records from this hospitalization.  Since the ALJ did not request the additional records and Price believes them to be relevant, Price argues the case should be remanded on this basis.  As noted *supra*, Price's previous SSI applications were denied in final determinations on February 2, 2000 and September 3, 2003.  Since Price has been determined not to be disabled through September 3, 2003, evidence from 1998 is not material and thus, is not a basis for remand.[3]

      B.    Price also argues that the ALJ erred in failing to find that her depression met or equaled listing 12.04.[4]   Deciding whether or not an impairment meets or equals a listing is an

---

[3]The court notes that although the ALJ did not consider the specific evidence about which Price complained, the record did contain, and the ALJ did note, the attempted suicide related to the hospitalization records at issue here.  (Tr. 16 ¶ 3; 163-64).

[4]As part of her argument, Price asserts that the ALJ also failed to fully consider the medical evidence that demonstrated she met listing 12.04.  However, Price is incorrect in that the ALJ did discuss Price's 1996 and 1998 suicide attempts, her complaints of difficulty sleeping and thoughts of suicide, her treating doctor's assessment, and her mother's testimony regarding her tantrums.  (Tr. 16 ¶¶ 3-4; 17 ¶ 3).  As for specifically mentioning other reports or notes, "[t]he ALJ must consider all the evidence and give some reason for discounting the evidence she rejects."  Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).  However, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."  Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004) (citing Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001).  Price complains the ALJ failed to discuss evidence pertaining to listing 12.04(A), however, the ALJ examined whether or not Price met or equaled listing 12.04(B) or (C), and, once he concluded Price did not, he determined she did not meet the listing.  Since a person must meet or equal listing 12.04(B) or (C) in order to be deemed to meet or equal 12.04, there is nothing improper about the ALJ's approach, and thus, this does not present a cause for remand.

issue reserved for the Commissioner, and thus, no special weight will be given to a medical source on this issue. 20 C.F.R. § 416.927(e). After noting Price's reports that she cleaned her house, did the laundry, went grocery shopping, cooked, used public transportation, and managed her money, the consultative examiner, Gloria O'Donnell, Ph.D. ("Dr. O'Donnell"), determined Price was able to independently engage in all activities of daily living. (Tr. 256). Additionally, Dr. O'Donnell found Price could understand non-complex job instructions, interact appropriately with co-workers, manage work stressors, cope with minor changes in her work routine, although she might have some difficulty maintaining attention due to her preoccupation with her personal problems. (Tr. 17 ¶ 2; 257). The state agency medical consultant, John Grutowski, Ph.D. ("Dr. Grutowksi") determined Price had mild restrictions with activities of daily living, mild difficulties in maintaining social functioning, concentration, persistence, and pace, did not meet the criteria for 12.04(C), and was able to function in a work setting. (Tr. 17 ¶ 2; 269-71). The ALJ noted that Price's treating doctor, Minakshi Chatterjee, MD ("Dr. Chatterjee"), determined Price satisfied listing 12.04(B) by having marked difficulties in maintaining social functioning and in maintaining concentration, persistence, or pace and 12.04(C) by having a complete inability to function independently outside of her home. (Tr. 17 ¶ 3; 296-97). However, the ALJ did not accept Dr. Chatterjee's opinion because he did not find it to be supported by the other evidence in the record, including Dr. Chatterjee's own treatment notes that reflected Price was much less symptomatic when she was compliant with her medication,[5] or Price's and/or her mother's report that she had boyfriend, went shopping for herself, did housework, walked to her mother's house every day, went to church, and made and traveled to her own appointments. (Tr. 17 ¶ 3; 18 ¶ 1; 236; 307; 312; 317; 321; 325; 327; 328; 338; 363-65; 371-75). There is substantial evidence in the record to support the ALJ's rejection of the conclusions of Dr. Chatterjee. Thus, the ALJ did not err in finding that Price's impairment did not meet or equal listing 12.04.

        C.      Price asserts that the ALJ improperly discredited her testimony. "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003). Pursuant to the regulations, the ALJ uses a two pronged analysis to make a credibility determination. See 20 C.F.R. § 416.929. The ALJ must first determine if there is an underlying medically determinable impairment that could reasonably be expected to produce the alleged symptoms. See 20 C.F.R. § 416.929(c)(1). If the ALJ finds that such an underlying condition exists, the ALJ must then decide to what extent the symptoms actually limit the claimant's ability to work. See Id.

        The ALJ determined that Price's medically determinable impairments could reasonably be expected to produce the alleged symptoms, however, the ALJ found that Price's statements regarding the intensity, duration, and limiting effects of her symptoms were not entirely credible. (Tr. 17 ¶ 1). The ALJ noted that Price appears to exaggerate her functional limits by testifying that leads a sedentary life, mostly watching TV. In direct contradiction, Price's mother testified that Price helps her mother care for her sister's children, goes with them to the park, goes food and clothes

---

    [5]As noted by the ALJ, when Price stops taking her psychiatric medication and/or is using marijuana, her depression and anxiety symptoms increase. (Tr. 18 ¶ 1; 234-35; 313; 318; 319; 320; 322; 324; 331). The treatment notes also reveal that Price refused to go to rehabilitation for her marijuana dependence and is resistant to engaging in the therapy or active participating in change. (Tr. 314; 316; 318). I note that 20 C.F.R. § 416.930(b) provides that if a claimant fails to follow his/her prescribed treatment, he/she will not be found disabled.

shopping by herself twice a month, goes on walks with her sister, and takes care of her own housework. (Tr. 17 ¶ 1; 361; 364; 372-75). The ALJ also found that Price's alleged inability to get along with others was exaggerated because Price is close with her mother and sister and got engaged and moved in with her fiancé during the alleged period of disability. (Tr. 17 ¶ 1; 321; 323; 365). I also note that Dr. Grutowski, the state agency medical consultant, found Price to be only partially credible based on the evidence in the record. (Tr. 271). Also, the ALJ noted that the treatment records reflect, despite advice to the contrary, Price continued using marijuana on and off, did not consistently take her psychiatric medication, and was resistant to treatment and rehabilitation. (Tr. 17 ¶ 1; 250; 257; 308; 313; 314; 316; 318; 320; 322; 324; 331). Thus, substantial evidence supports the ALJ's finding that Price's testimony was only partially credible.

           D.       Price argues that the ALJ erred in finding the opinion of her treating doctor, Dr. Chatterjee, regarding Price's RFC, not to be probative. A claimant's RFC is an issue reserved for the Commissioner, and thus, no special weight will be given to a medical source on this issue. 20 C.F.R. § 416.927(e). Dr. Chatterjee determined that Price had marked difficulties in social functioning and in maintaining concentration, persistence, or pace and was completely unable to function independently outside of her home. (Tr. 296-97). As noted *supra*, the ALJ found Dr. Chatterjee's reports not to be probative because he determined them to be inconsistent with Dr. Chatterjee's own treatment records and Price's mother's report of Price's ability to live independently. (Tr. 17 ¶ 3). Price argues that the ALJ is incorrect because of reports filled out by Price's therapist, Shelli Kranson, LCSW, in June of 2005 and April of 2006 stating that Price was a potential danger to herself, was anxious and depressed, used drugs excessively, exhibited OCD symptoms and intermittent explosive disorder, and had impaired affective responses, family functioning, judgment, memory/orientation, perception, reality testing, and impaired/disturbed thinking. (Tr. 308; 332). These forms had a separate part that was filled out by Dr. Chatterjee the following month. (Tr. 309; 333). A therapist is considered an "other source" pursuant to 20 C.F.R. § 416.913(d), the opinion of which the Commissioner "may" use. However, from February 2005 to February 2006, Dr. Chatterjee noted that Price's appearance, behavior, affect, thought process and content, orientation, attention and concentration, memory, and speech and language were within normal limits, Price's overall intelligence and fund of knowledge were average, and her ability to abstract, insight, and judgment were all good.[6] (Tr. 243-44; 312; 317; 322; 325; 327-28). In fact, in June of 2006, Dr. Chatterjee noted Price's anxiety, panic, and depression were no longer there. (Tr. 307). Thus, substantial evidence supports the ALJ's conclusion that Dr. Chatterjee's findings, regarding Price's RFC, were not supported even by Dr.

---

      [6]Dr. Chatterjee also noted in February and May of 2005 that Price had thoughts of hurting others, however, she was not on psychiatric medication in February and was on and off medication in May. (Tr. 234; 236; 245-46). In June of 2005, Dr. Chatterjee noticed increased crying spells when Price started smoking marijuana again. (Tr. 331). During the time Price went off her medication and started smoking more marijuana, she reported she was having some suicidal thoughts in October of 2005. (Tr. 324-26). In December of 2005, Price was depressed and crying, however, she also reported smoking marijuana again. (Tr. 322). When Price reported she was constantly checking her doors and biting her nails in January of 2006, she had stopped taking her medication. (Tr. 320). As noted above, a person will not be found disabled if they are failing to follow the prescribed treatment plan. See 20 C.F.R. § 416.930(b).

Chatterjee's own treatment notes.[7]  I also note that the ALJ's assessed RFC was consistent with the findings of the other two doctors on record.  (Tr. 17 ¶ 2; 255-57; 259-271).[8]


       E.     Price argues that evidence shows she is incapable of performing the jobs identified by the VE.  When the hypothetical posed by the ALJ to the VE "fairly set[s] forth every credible limitation established by the physical evidence," the VE's testimony can be relied on as substantial evidence supporting the ALJ's decision.  Plummer, 186 F.3d at 431.  The ALJ's hypothetical included unskilled, light work in a routine, repetitive environment without complex or detailed instructions doing solo work with lessened interaction with coworkers and supervisors and no interaction with the public.  (Tr. 378).  As discussed *supra*, the RFC assessed by the ALJ, that was reflected in the hypothetical, fairly took into account all of the limitations recognized by the ALJ that were supported by substantial evidence.  Thus, the VE's testimony on which the ALJ relied constituted substantial evidence.[9]


      5.     Because the decision of the ALJ was supported by substantial evidence and is legally sufficient, the decision of the Commissioner must be affirmed.


      An appropriate Order follows.

---

[7]Likewise, Shelli Kranson's conclusions regarding Price's impaired functioning and thinking were properly not used by the ALJ, since they were not supported by substantial evidence.

[8]Price avers that the RFC assessed by the ALJ was not based on substantial evidence because the ALJ improperly discredited her testimony, did not give enough weight to Dr. Chatterjee's assessment of her RFC, and gave to much weight to the non-treating doctors' findings regarding her RFC.  Since I rejected all of the supporting arguments, the overarching argument is likewise rejected.

[9]In her reply, Price asserts that the ALJ erred in failing to rely on the testimony elicited from the VE by Price's attorney that took into account Dr. Chatterjee's assessment of Price's RFC.  As discussed *supra*, the ALJ's rejection of RFC assessed by Dr. Chatterjee was supported by substantial evidence.  Since these additional limitations were not supported by substantial evidence, there was no reason for the ALJ to rely on the related testimony.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANEESA C. PRICE | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  07-1222 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 20th day of February, 2008, upon consideration of the brief in support of review filed by plaintiff and the response and reply thereto (Doc. Nos. 8, 11, and 12) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

S/Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.